UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRADLEY SULLIVAN,

Plaintiff,

vs.   CASE NO.: 3:17-cv-01387-TJC-PDB

NATIONAL GENERAL INSURANCE ONLINE, INC.,

Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRADLEY SULLIVAN (hereinafter "Plaintiff"), sues Defendant NATIONAL GENERAL INSURANCE ONLINE, INC. (hereinafter "NATIONAL GENERAL"), and alleges as follows:

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of interest and costs.

2. At all times material hereto, Plaintiff was and is a resident of Duval County, Florida.

3. At all times material hereto, NATIONAL GENERAL was and is a for-profit corporation duly licensed to transact business in the State of Florida and maintained agents for the transaction of its regular business in Jacksonville, Duval County, Florida, and was transacting business in Duval County, Florida.

4. On or about January 21, 2014, Rodrigo Sanchez (sometimes hereinafter referred to as the ("negligent motorist") operated a 2000 Ford Van on I-295 in Jacksonville, Duval County, Florida.

5. On or about January 21, 2014, Plaintiff was lawfully operating his motor vehicle on I-295 in Jacksonville, Duval County, Florida.

## COUNT I
## UNINSURED MOTORIST CLAIM AGAINST NATIONAL GENERAL FOR THE JANUARY 21, 2014 COLLISION

6. Plaintiff repeats and realleges paragraphs 1 through 5 as if fully stated herein.

7. The motor vehicle collision giving rise to this count occurred on or about January 21, 2014, on I-295 in Jacksonville, Duval County, Florida.

8. Prior to the date of said motor vehicle collision, NATIONAL GENERAL issued and delivered an automobile insurance policy to the Plaintiff under policy number 2001620437 (sometimes hereinafter referred to as "the policy") that provided uninsured motorist (sometimes hereinafter referred to "UM") coverage.

9. On or about January 21, 2014, on I-95 in Jacksonville, Duval County, Florida, the negligent motorist negligently operated or maintained the motor vehicle he was operating so that it wrongfully collided with the motor vehicle which Plaintiff was operating.

10. The negligent motorist was uninsured on January 21, 2014.

11. The policy was in full force and effect on the date and at the time of the January 21, 2014, motor vehicle collision described above and provides UM coverage to the Plaintiff for injuries, damages or losses that have been suffered by the Plaintiff as a result of the above referenced motor vehicle collision.

12. As a direct and proximate result of the motor vehicle collision, Plaintiff has met the tort threshold under Florida Statute section 627.737(2), including, without limitation, suffering a permanent injury within a reasonable degree of medical probability.

13. As a direct and proximate result of the motor vehicle collision, Plaintiff suffered bodily injury and resulting pain and suffering, inconvenience, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition and/ or activation of the latent disease or physical defect. The injuries and losses are either permanent or continuing in nature and Plaintiff will suffer said injuries and losses in the future.

14. Plaintiff has given NATIONAL GENERAL timely notice of all claims covered under the UM coverage of the Policy and has fulfilled all conditions precedent to recovery of UM coverage under the Policy.

15. Plaintiff is entitled to recover UM coverage under the Policy for injuries, damages or losses that have been suffered by the Plaintiff as a result of the above-described motor vehicle collision.

16. NATIONAL GENERAL has unjustifiably refused to honor its contractual obligations by improperly not providing coverage under the Policy and failing to pay uninsured motorist benefits owed to the Plaintiff.

17. Due to NATIONAL GENERAL'S refusal to pay UM benefits in accordance with the terms of the Policy and Florida law, Plaintiff had to retain the services of the undersigned attorneys and contracted with them to represent their interests in connection with the Policy and this lawsuit.

**WHEREFORE,** Plaintiff BRADLEY SULLIVAN, demands judgment against Defendant, NATIONAL GENERAL, for the total damages suffered by Plaintiff, for the full amount of uninsured motorist damages under the policy, attorney's fees pursuant to Florida Statute section 627.727(8) if coverage under the policy is denied or contested in any manner, all

costs of this action, pre-judgment and post-judgment interest, trial by jury of all issues so triable, and any all further relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF FLA. STAT. SECTION 624.155

18. Plaintiff incorporates paragraphs 1 through 17 as if fully set forth herein.

19. This claim will ripen upon the determination by the Court or by confession of judgment by NATIONAL GENERAL that Plaintiff is entitled to the limit of uninsured motorist benefits under the policy.

20. Plaintiff timely reported the claim to NATIONAL GENERAL and otherwise complied with all his obligations under the policy.

21. On or about March 21, 2017, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon NATIONAL GENERAL.

22. As a result of the injuries caused by the negligence of the negligent motorist and the relationship between the parties under the Policy, NATIONAL GENERAL owed a duty to Plaintiff to attempt in good faith to settle Plaintiff's uninsured motorist claim when, under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interests. NATIONAL GENERAL further owed to Plaintiff a duty to refrain from engaging in unfair claim settlement practices.

23. NATIONAL GENERAL breached its duties to Plaintiff in violation to Section 624.155, Florida Statutes, by:

    a. not attempting in good faith to settle Plaintiff's uninsured motorist claim when under all of the circumstances it could have and should have done so, had it acted fairly and

honestly and with due regard for Plaintiff's interests, who was an insured, in violation of Section 624.155 (1)(b)(1), Florida Statutes;

b. engaging in unfair claims settlement practices in violation of Section 626.954(1)(i)(3) a, d, and f, Florida Statutes. Specifically, NATIONAL GENERAL:

   i. failed to adopt and implement standards for the proper investigation of claims;

   ii. denied Plaintiff's UM claim without conducting a reasonable investigation based on the available information; and

   iii. failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its denial of the claim or for the offer of a compromise settlement.

24. The acts complained of herein constituted NATIONAL GENERAL's general business practices in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by NATIONAL GENERAL to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

25. As a direct and proximate result NATIONAL GENERAL's actions and/or inactions as set forth above, Plaintiff has been damaged.

26. Defendant failed to cure its bad faith and more than sixty (60) days has passed since the filing and service date of the CRN.

27. As a result of NATIONAL GENERAL's failure to act in good faith and statutory violations alleged above, Plaintiff is entitled to recover the total amount of his damages pursuant to Section 627.727(10), Florida Statutes, including all damages suffered as a result of the January

21, 2014 collision and all damages caused by NATIONAL GENERAL's failure to act in good faith and statutory violations alleged above.

28. NATIONAL GENERAL's violation of Section 624.155, Florida Statutes, has caused damages to the Plaintiff of interest on unpaid benefits, pre-judgment interest accrued since the date of NATIONAL GENERAL's violation; attorneys' fees incurred by Plaintiff in the prosecution of his claim for uninsured motorist benefits and pre-judgment interest thereon; costs incurred in the prosecution of Plaintiff's claim for UM benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff's claim for violation of Section 624.155, Florida Statutes; and post-judgment interest.

29. As a further direct and proximate result of NATIONAL GENERAL's failure to act in good faith and statutory violations alleged above, Plaintiff had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and recover the excess damages owed by NATIONAL GENERAL. By operation of law, including Section 627.428, Florida Statutes, NATIONAL GENERAL will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

30. All conditions precedent to Plaintiff's rights to bring this action have occurred or have been satisfied.

**WHEREFORE**, Plaintiff demands judgment against Defendant, NATIONAL GENERAL, for the total damages suffered by Plaintiff, BRADLEY SULLIVAN, pre-judgment and post-judgment interest, attorneys' fees pursuant to Sections 624.155, 627.727(10), and 627.428, Florida Statutes, costs, and other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

## DEMAND OF JURY TRIAL

Plaintiff, BRADLEY SULLIVIAN, demands trial by jury on all issues by trial against Defendant, NATIONAL GENERAL.

ST. DENIS & DAVEY, P.A.

_____
**BRIAN W. DAVEY, ESQUIRE**
Florida Bar Number 0152366
brian@sdtriallaw.com
1300 Riverplace Boulevard, Suite 401
Jacksonville, FL  32207
(904) 396 - 1996 – Telephone
(904) 396 - 1991 – Facsimile
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of May, 2018, I electronically filed the foregoing in the United States District Court for the Middle District of Florida, Jacksonville Division, by using the CM/ECF system which will send a notice of electronic filing to Adam C. Shelton, Esq., service-ashelton@sheltonmckean.com and Alexandra B. Crittenden, Esq., service-acrittenden@sheltonmckean.com, SHELTON MCKEAN, P.A., 9700 9TH St. No., Suite 400, St. Petersburg, FL 33701, *Attorneys for Defendant*.

_____
Attorney